■ In the Matter of ANDRE PORTER, Petitioner, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [732 NYS2d 688] —Rose, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As a result of an incident which occurred during a strip frisk, petitioner was served with a misbehavior report charging him with refusing a direct order, violent conduct or the threat of violent conduct and interference with the duties of an officer. After a tier III hearing, petitioner was found guilty of all charges and he commenced this CPLR article 78 proceeding in which the principal challenge is to the evidentiary basis for the determination of petitioner's guilt. Although there is substantial evidence in the record to support the finding of guilt on the refusal to obey a direct order and interference charges, we agree with petitioner that there is no evidence that he engaged in violent conduct or threatened violent conduct.

The videotape of the incident, which has no audio component, shows that after petitioner's restraints were removed and he removed his shirt, petitioner looked over his shoulder at one of the officers behind him and spoke for several seconds. The officer thereafter pushed petitioner against the wall, restraints were reapplied by several officers and petitioner was carried from the room. The tape shows no conduct by petitioner that could reasonably be construed as violent or a threat of violence.

The testimony of the author of the misbehavior report and other officers present during the incident establishes that petitioner was agitated, uncooperative, used abusive language, refused to obey several direct orders and, as a result, interfered with the process of strip frisking inmates. There is, however, no testimony of any specific threat of violence. Respondent apparently relied on petitioner's statement in which he asked the author of the misbehavior report if he thought he was a "tough guy." Although the question, accompanied by profane language, was abusive and provocative and reflected a lack of respect, it contained no direct or implied threat of violent conduct. The misbehavior report refers to the statement, coupled with petitioner's "assaultive record," as the basis for the author's conclusion that "the threat of violence was present." At the hearing, however, the author of the report did not mention petitioner's "assaultive record" but referred instead to

petitioner's unspecified "behavior before this in the box." The only other evidence in the record concerning petitioner's prior conduct consisted of several vague references to an incident earlier in the day that may have been the reason for petitioner's agitation.

In these circumstances, the determination finding petitioner guilty of violent conduct or the threat of violent conduct is not supported by substantial evidence. Petitioner's remaining arguments, including the claim of Hearing Officer bias, have no merit.

Mercure, J. P., Crew III, Peters and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of the charge of violent conduct or the threat of violent conduct; petition granted to that extent, respondent is directed to expunge all references thereto from petitioner's institutional record and matter remitted to respondent for redetermination of the penalty imposed on the remaining violations; and, as so modified, confirmed.